## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ALL AMERICAN COMMERCIAL ROOFING, INC., an Illinois corporation, and ALL AMERICAN ROOFING, INC., an Illinois corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALL AMERICAN ROOFING, LLC, a Wisconsin limited liability company, and ADAM BRISSMAN, a Wisconsin resident,<br><br>　　　　Defendants. | Case No.<br><br>JURY TRIAL REQUESTED |

## VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

NOW COME plaintiffs All American Commercial Roofing, Inc., an Illinois corporation, and All American Roofing, Inc., an Illinois corporation by and through its counsel, Gozdecki, Del Giudice, Americus, Farkas & Brocato LLP and Neal & McDevitt, LLC and state as follows for its Complaint against defendants All American Roofing, LLC and Adam Brissman.

## NATURE OF ACTION

1. This is a civil action for trademark infringement, false designation of origin, unfair competition, deceptive trade and business practices and unjust enrichment arising under the Lanham Act, 15 U.S.C. §1051, *et seq.*, Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and the common law of various states, including the State of Illinois.

## THE PARTIES

2.	Plaintiff All American Commercial Roofing, Inc. is an Illinois corporation engaged in the business of commercial roofing and exterior solutions, with its principal place of business at 150 Oakwood Road, Lake Zurich, Illinois.

3.	Plaintiff All American Roofing, Inc. is an Illinois corporation engaged in the business of residential roofing and exterior solutions, with its principal place of business at 150 Oakwood Road, Lake Zurich, Illinois.

4.	Defendant All American Roofing, LLC is a Wisconsin limited liability company engaged in the business of residential and commercial roofing and exterior solutions with its principal place of business, on information and belief, in Milwaukee, Wisconsin.

5.	Defendant Adam Brissman is, on information and belief, a citizen of the State of Wisconsin and, on information and belief, is the principal and owner of All American Roofing, LLC.

## JURISDICTION AND VENUE

6.	This Court has subject matter jurisdiction because this is a civil action that arises under the trademark laws of the United States 15 U.S.C. §1051, *et seq.*, and involves state and common law claims joined with a substantial and related claim and the trademark laws of the United States, for which jurisdiction is expressly conferred by 15 U.S.C. §1121, 28 U.S.C. §1338(a) and (b), and 28 U.S.C. §§1332 and 1367.

7.	This is an action in which Plaintiffs and Defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

8.	Personal jurisdiction over defendants is proper in this Court because defendants are doing business in the Northern District of Illinois by engaging in, advertising and promoting roofing services in the Northern District of Illinois, and by advertising their services, on

information and belief, on the radio, and on the world wide web, at www.roofedright.com, that reach prospective customers in the Northern District of Illinois, and thus, defendants have purposely availed themselves of this forum, such that jurisdiction is reasonable and fair; and the exercise of personal jurisdiction by the Northern District of Illinois over defendants comports with traditional notions of fair play and substantial justice embodied in the principles of due process.

9. Venue is proper in this Court under 28 U.S.C. §1391 because defendants are doing business by engaging in, advertising and promoting its roofing services in the Northern District of Illinois and the immediate acts for which All American Commercial Roofing, Inc. requests expedited relief are taking place in this judicial district.

## STATEMENT OF FACTS

### The Plaintiffs' Trademarks

10. All American Commercial Roofing, Inc. and its related entity, All American Roofing, Inc. (collectively, "AAR") is engaged in the business of roofing installation, roofing repair and siding installation and repair in Illinois, Indiana, Wisconsin and elsewhere. AAR has been doing business continuously for well over thirty-five (35) years.

11. AAR is the owner of common law right in and to the trade name and service mark ALL AMERICAN (hereinafter "Plaintiffs' ALL AMERICAN Mark") in connection with roofing related services and is the owner of a federal registration for the mark ALL AMERICAN for "roofing consultation; roofing contracting; roofing installation; roofing repair; roofing services" (hereinafter "Plaintiffs' Services"). In addition, Plaintiff All American Commercial Roofing is the owner of U.S. Registration No. 3,657,819 for the mark ALL AMERICAN which issued on December 21, 2009 on the Principal Register of the United States Patent and Trademark Office.

12. U.S. Registration No. 3,657,819 for the mark ALL AMERICAN, a copy of which is attached hereto as Exhibit A, was granted incontestable status on September 4, 2014 and thus constitutes *prima facie* and/or conclusive evidence of AAR's exclusive right to use its registered mark in connection with the services covered by the registration. *See* 15 U.S.C. §§ 1115(a) and (b).

13. Since at least as early as December 31, 1987, AAR has used the trade name and service mark ALL AMERICAN in connection with its service offerings within this District and elsewhere in interstate commerce.

14. Plaintiff All American Commercial Roofing, Inc. is also the owner of the mark AAR and Design (as depicted below) in connection with "roofing consultation, roofing contracting, roofing installation, roofing repairs and roofing services," as well as U.S. Registration No. 3,657,826 which issued on July 21, 2009 ( a copy of said registration certificate is attached hereto as Exhibit B). This registration has also since achieved "incontestable" registration status thus constitutes *prima facie* and/or conclusive evidence of AAR's exclusive right to use its registered mark in connection with the services covered by the registration.



Hereinafter "Plaintiffs' AAR Mark." Since at least as early as July 1, 1986, AAR has used Plaintiffs' AAR Mark in connection with its service offerings within this District and elsewhere in interstate commerce.

15. Plaintiffs have, over the years, used a number of ALL AMERICAN formative trade names and services marks in connection with Plaintiffs' Services in this District and

4

elsewhere in interstate commerce including, but not limited to, ALL AMERICAN ROOFING, ALL AMERICAN EXTERIOR SOLUTIONS and ALL AMERICAN COMMERCIAL ROOFING, among others.

16. Plaintiff All American Roofing, Inc. utilizes the aforementioned marks pursuant to a license agreement with All American Commercial Roofing, Inc. Plaintiffs also use the trade name and service mark ALL AMERICAN on its Internet website to sell, advertise and promote Plaintiffs' Services in interstate commerce and within this District. *See* Exhibit C attached hereto.

17. Plaintiffs have made a substantial investment in advertising and promoting Plaintiff's Services under the ALL AMERICAN and AAR Marks. As a result, Plaintiffs have acquired extremely valuable goodwill in association with the ALL AMERICAN and AAR Marks, which have become distinctive in connection with Plaintiffs' Services. Plaintiffs' customers have come to rely upon the ALL AMERICAN and AAR Marks as a symbol of quality and reliability.

18. Since long before the acts of Defendants complained herein, AAR and/or its affiliates, licensees or predecessors-in-interest have continuously used the ALL AMERICAN and AAR Marks within the State of Illinois and elsewhere in interstate commerce.

**The Defendants' Use of Plaintiffs' Trademarks**

19. On or about October 6, 2006, an entity bearing the name "Sure Seal Roofing, LLC" was formed as a Wisconsin limited liability company. On or after September 29, 2009, Defendant, formerly known as Sure Sealing Roofing, LLC, changed its name to "All American Roofing LLC."

20. AAR has only recently become aware of defendants' infringing conduct, discussed below.

5

21. Defendant All American Roofing, LLC advertises its services on the internet through the website "roofedright.com" under the infringing trade name and service mark ALL AMERICAN ROOFING, LLC. (hereinafter "Defendants' Alleged ALL AMERICAN ROOFING Mark"). Therein, Defendant All American Roofing, LLC represents that it does business in Illinois and Wisconsin and has roofing technicians who are licensed to do business in Illinois. Further, Defendant All American Roofing, LLC's website provides that the entity maintains a business office in the State of Illinois, and advertises a telephone number bearing a (630) area code, which is located within the Chicagoland area. *See* Exhibit D attached hereto.

22. On information and belief, defendants are taking additional steps to increase the scope of their business operations in Illinois, having, in recent years, domesticated Illinois limited liability companies under the names "All American Roofing Illinois LLC" and "All American Roofing LLC". On information and belief, Defendant Adam Brissman is a member, and the registered agent of, "All American Roofing Illinois LLC" and "All American Roofing LLC".

23. Defendant All American Roofing, LLC's website also advertises a logo (hereinafter "Defendants' Alleged AAR Mark") using the designation "AAR," which is confusingly similar to Plaintiffs' AAR Mark. *See* Exhibit D.

24. Defendants' Alleged ALL AMERICAN ROOFING Mark is confusingly similar and/or virtually identical to Plaintiffs' ALL AMERICAN Mark.

25. Defendants' Alleged AAR Mark is confusingly similar and/or virtually identical to Plaintiffs' AAR Mark.

26. The Defendants have adopted and are using Plaintiffs' ALL AMERICAN Mark and Plaintiffs' AAR Mark or variations thereof, on information and belief, in interstate commerce in association with the distribution, promotion, advertising and sale of roofing services (hereinafter "Defendants' Services") which are similar and/or identical to, and in competition with, the Plaintiffs' Services under its ALL AMERICAN trade name and mark and AAR mark.

27. Defendants' unauthorized use of Plaintiffs' ALL AMERICAN Mark and Plaintiffs' AAR Mark, on information and belief, for Defendants' Services in similar fields and territories offered by the Plaintiffs causes a likelihood of confusion between Defendants' unauthorized use of Defendants' Alleged ALL AMERICAN ROOFING Mark and Defendants' Alleged AAR Mark on the one hand and Plaintiffs' ALL AMERICAN Mark and Plaintiffs' AAR Mark on the other hand. In fact, Plaintiffs are aware of actual confusion between Defendants' Allege ALL AMERICAN MARK and Plaintiff's AAR Mark.

28. Defendants' Services, which are offered for sale under Defendants' Alleged ALL AMERICAN ROOFING Mark and/or Defendants' Alleged AAR Mark, on information and belief, move through the same or similar channels of trade and/or are promoted to the same classes of prospective purchasers, or to the same prospective purchasers, in overlapping geographic markets, including Illinois and Wisconsin as those associated with Plaintiffs' Services. In fact, Plaintiffs are aware of actual confusion between Defendants' Allege ALL AMERICAN MARK and Plaintiff's AAR Mark in overlapping geographic markets.

29. Upon information and belief, Defendants' Alleged ALL AMERICAN ROOFING Mark and Defendants' Alleged AAR Mark were selected by Defendants in order to trade upon the reputation and goodwill of Plaintiffs and/or with prior awareness of the Plaintiffs' ALL AMERICAN Mark and Plaintiffs' AAR Mark.

7

30. At no time did Plaintiffs authorize, license or otherwise permit any of Defendants to use or display any of Plaintiffs' marks including but not limited to, Plaintiffs' ALL AMERICAN Mark and Plaintiffs' AAR Mark.

31. Persons familiar with Plaintiffs' marks and the business of Plaintiffs and/or Plaintiffs' advertising are, on information and belief, likely to be confused, mistaken and/or to be deceived upon seeing Defendants' use of the marks or variations thereof, or that Defendants' business is endorsed by, sponsored by, or emanates from, or in some way are connected with Plaintiffs' business or with its name and marks.

32. Defendants have, on information and belief, intentionally and willfully attempted to trade upon and profit from the goodwill associated with Plaintiffs' ALL AMERICAN Mark and Plaintiffs' AAR Mark.

33. As a result of Defendants' unfair and infringing acts and/or misappropriations, Plaintiffs have been irreparably damaged and, unless Defendants' infringing activities are enjoined, the Plaintiffs will continue to suffer irreparable injury and harm to its property and goodwill.

34. Upon information and belief, Defendants, with actual and/or constructive notice and knowledge of Plaintiffs' ALL AMERICAN Mark and Plaintiffs' AAR Mark, are engaging in a deliberate course of conduct designed to appropriate the goodwill associated with Plaintiffs' ALL AMERICAN Mark and Plaintiffs' AAR Mark. Defendants began to offer their services in association with Defendant's infringing marks herein at a time long after Plaintiffs' ALL AMERICAN Mark and/or Plaintiffs' AAR Mark came into use in commerce and became well known within the relevant geographic areas.

35. Defendants' unauthorized use of Defendants' Alleged ALL AMERICAN ROOFING and/or Defendants' Alleged AAR Mark that are identical or confusingly similar to

the Plaintiffs' name and marks will irreparably harm Plaintiffs by diminishing the reputation and goodwill of Plaintiffs' marks.

36. Absent relief, Plaintiffs will be unable to police the nature and quality of services sold by Defendants under Plaintiffs' name and mark. The sale by Defendants of Defendants' Services under Defendants' Alleged ALL AMERICAN ROOFING and/or Defendants' Alleged AAR Mark will also blur and diminish the quality of Plaintiffs' ALL AMERICAN Mark and Plaintiffs' AAR Mark, and lessen its capacity to identify and distinguish the products and services of Plaintiffs from those of Defendants as well as others.

## COUNT I
## **TRADEMARK INFRINGEMENT**

37. Plaintiffs reallege and incorporate herein paragraphs 1 through 36 as and for this paragraph 37.

38. Defendants' unauthorized use in commerce of Plaintiffs' ALL AMERICAN Mark and/or Plaintiffs' AAR Mark is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of Plaintiffs' registered marks in violation of 15 U.S.C. § 1114.

39. Defendants have used and are continuing to use Defendants' Alleged ALL AMERICAN ROOFING Mark and/or Defendants' AAR Alleged Mark will full knowledge of Plaintiffs' prior and extensive rights in its marks and over Plaintiffs' objection to the use thereof, and with an intent and purpose to trade upon the goodwill of Plaintiffs' ALL AMERICAN Mark and/or Plaintiffs' AAR Mark. The Defendants' infringement is thus willful and deliberate.

40. Plaintiffs have requested in written communications to Defendants or its representatives to cease and desist from further infringing conduct, and Defendants have refused to acquiesce to said demands.

41. Defendants' acts of infringement are willful, intentional and made with deceptive intent.

42. Said acts of infringement are irreparably damaging and will cause further irreparable injury to Plaintiffs unless restrained by this Court, and wherefore Plaintiffs is without an adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION

43. Plaintiffs reallege and incorporate herein paragraphs 1 through 42 as and for this paragraph 43.

44. By virtue of Defendants' acts, hereinabove pleaded, Defendants have engaged in unfair competition with Plaintiffs.

45. Defendants' unauthorized use in commerce of Defendants' Alleged ALL AMERICAN ROOFING and/or Defendants' Alleged AAR Mark constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendants and/or its services are offered by Plaintiffs or are otherwise affiliated, connected, associated with, or sponsored or approved by Plaintiffs and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Defendants' use in commerce of Defendants' Alleged ALL AMERICAN ROOFING and/or Defendants' Alleged AAR Mark in connection with Defendants' Services constitutes a misappropriation of the distinguishing and identifying features which Plaintiffs created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to Defendants, based on and derived from Plaintiffs' ALL AMERICAN Mark and/or Plaintiff's AAR Mark and the goodwill associated therein.

10

47. Defendants' use of Defendants' Alleged ALL AMERICAN ROOFING and/or Defendants' Alleged AAR Mark constitutes false representations that Defendants have some connection or association with, or sponsorship by Plaintiffs, and that Plaintiffs Services are available from Defendants.

48. Said actions of Defendants constitute violations of 15 U.S.C. § 1125(a) in that such false designation and representations of origin and quality are used on or in connection with the services Defendants cause to enter into, or to affect commerce, while may lawfully be regulated by Congress.

49. Defendants have used and are continuing to use Defendants' Alleged ALL AMERICAN ROOFING and/or Defendants' Alleged AAR Mark with full knowledge of Plaintiffs' rights as alleged herein and after Plaintiffs' objection to the use thereof and therefore with an intent and purpose to trade upon the goodwill of Plaintiffs' ALL AMERICAN Mark and/or Plaintiffs' AAR Mark. Defendants' infringement is thus willful and deliberate.

## COUNT III
### DECEPTIVE TRADE AND BUSINESS PRACTICES

50. Plaintiffs reallege and incorporate herein paragraphs 1 through 49 as and for this paragraph 50.

51. By the acts described above, defendants have engaged in and are engaging in deceptive trade practices prohibited by 815 ILCS § 510/1 et seq. and the common law of various states, including the State of Illinois, by leading customers to believe that Defendants are associated with, approved by, or endorsed by Plaintiffs.

52. Defendants use of Defendants' Alleged ALL AMERICAN ROOFING and/or Defendants' Alleged AAR Mark constitutes a deceptive trade practice in violation of 815 ILCS 510/2 et seq. insofar as it:

11

(a) passes off the Defendants' services as that of the Plaintiffs;

(b) causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of its services;

(c) causes a likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by Plaintiffs;

(d) represents that Defendants' services have sponsorship or approval that they do not have.

53. Defendants' acts as stated above, constitute deceptive business practices in that as alleged previously, those acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitutes the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/ or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

54. Upon information and belief, Defendants have willfully engaged in the deceptive trade practices.

## COUNT IV
## UNJUST ENRICHMENT

55. Plaintiffs reallege and incorporate herein paragraphs 1 through 54 as and for this paragraph 55.

56. Defendants' use of Defendants' Alleged ALL AMERICAN ROOFING and/or Defendants' Alleged AAR Mark results in Defendants' unjust enrichment under the common law of various states, including the State of Illinois.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs All American Commercial Roofing, Inc. and All American Roofing, Inc. respectfully pray for the following relief:

1. Find that Defendants willfully violated Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*

2. Find that Defendants committed acts of unfair competition and deceptive trade practices in violation of the law of the State of Illinois, 815 ILCS 510/2.

3. Preliminarily and permanently enjoin Defendants, its officers, partners, agents, servants, employees, attorneys, successors and all those in active concert or participation with any of them, from use of the ALL AMERICAN and AAR marks and/or any other colorable imitation of any ALL AMERICAN and/or AAR marks in any advertisement, promotion, offer for sale or sale of any goods and/or services that are sufficiently similar to those offered by Plaintiffs such that confusion is likely;

4. That Defendants be directed to deliver up for destruction all labels, signs, prints, advertisements or other materials in its possession, custody or control which are within the United States of America, its territories and possessions, which bear or display Defendants' Alleged ALL AMERICAN ROOFING Mark, Defendants' Alleged AAR Mark and/or any other ALL AMERICAN and/or AAR formative names or marks, pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

5. That Plaintiffs be awarded the profits secured by Defendants as a result of its unlawful activities, and that said award be trebled as provided by law, or in the alternative that Plaintiffs be awarded statutory damages in an amount to be determined by the Court for willful use of an infringing mark.

6. That Plaintiffs be awarded punitive damages in such amount as the Court shall find sufficient to deter Defendants' willful unlawful conduct.

7. That Plaintiffs be awarded its costs incurred in this action, including its reasonable attorneys' fees.

8. That Defendants be required to file with this Court and serve upon Plaintiffs within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Defendants' compliance with the Court's order.

9. That Plaintiffs have such other and additional relief as is warranted by the facts established at trial on which this Court may deem as just and appropriate.

**ALL AMERICAN COMMERCIAL ROOFING, INC. AND ALL AMERICAN ROOFING, INC.**

Respectfully submitted,

By: */s/ Jeffery M. Heftman*

Jeffery M. Heftman (j.heftman@gozdel.com)
**GOZDECKI, DEL GIUDICE, AMERICUS, FARKAS & BROCATO LLP**
One East Wacker Drive, Suite 1700
Chicago, IL 60601
Telephone: (312) 782-5010
Facsimile: (312) 782-4324

Kevin J. McDevitt (kmcdevitt@nealmcdevitt.com)
Neal & McDevitt, LLC
1776 Ash Street
Northfield, IL 60093
Telephone: (847) 441-9100
Facsimile: (847) 441-0911

**COUNSEL FOR PLAINTIFFS ALL AMERICAN COMMERCIAL ROOFING, INC. and ALL AMERICAN ROOFING, INC.**

## VERIFICATION

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF COOK     )

I, Sergey Taitler, hereby verify that I have read the foregoing Verified Complaint and that the facts contained therein are true to the best of my knowledge and belief.

Date: 10/8/14                      By: _____

Subscribed and Sworn to Before Me

this 8th day of October, 2014

_____
NOTARY PUBLIC

OFFICIAL SEAL
AMBER DEVITO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/01/18